OPINION
On January 21, 1997, appellee, Diane Fair, filed a complaint against appellant, Robert Erikson, M.D., alleging medical malpractice involving a surgical procedure. Prior to the complaint being filed, appellee had offered to settle for $350,000. Appellant offered $25,000. A jury trial commenced on May 19, 1999. The jury found in favor of appellee and awarded appellee $150,000. On May 25, 1999, appellee filed a motion for prejudgment interest. A hearing was held on July 2, 1999. By judgment entry filed July 15, 1999, the trial court granted said motion and awarded appellee prejudgment interest in the amount of $56,000. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT INCORRECTLY AWARDED PLAINTIFF INTEREST, PREJUDGMENT
 I
Appellant claims the trial court erred in awarding prejudgment interest pursuant to R.C. 1343.03(C). We disagree. R.C. 1343.03(C) permits an award of prejudgment if it can be shown that a defendant failed to make a good faith effort to settle the case. In Kalain v. Smith (1986), 25 Ohio St.3d 157, syllabus, the Supreme Court of Ohio held the following:
 A party has not `failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has
(1) fully cooperated in discovery proceedings,
 (2) rationally evaluated his risks and potential liability,
 (3) not attempted to unnecessarily delay any of the proceedings, and
 (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer.
Our review of this issue is under the abuse of discretion standard. Kalain. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Initially, before appellee was represented by counsel, appellant offered $25,000 and told appellee there was no "room for movement." T. at 8-9. Prior to trial, appellee's demand was $350,000. T. at 9, 19. On the morning of trial, appellee reduced her demand to $250,000. T. at 10-11. Appellant's trial counsel, Attorney Leslie Spisak, was unable to respond to the reduced demand because the representative from appellant's insurance carrier was unavailable. T. at 22. Thereafter, the trial commenced. The insurance representative was present but no increased offer was made. T. at 12, 23. The jury returned a unanimous verdict for appellee in the amount of $150,000. The jury's decision as exemplified in the interrogatories was relatively fact specific. During the prejudgment interest hearing, Attorney Spisak opined the case was a "50/50 chance of winning or losing." T. at 17. Attorney Spisak admitted the $25,000 offer was not reasonable, but stated the $350,000 and $250,000 demands were also not reasonable. T. at 23, 24. Attorney Spisak justified his lack of making a new offer prior to trial by stating "I'm not going to bid against myself." T. at 21. Even after the insurance representative appeared, the decision was made to not make an increased offer because "it was in our interest to proceed with the trial." T. at 23. We cannot say the above facts indicate an abuse of discretion by the trial court in finding a failure of good faith. The insurance carrier stonewalled on the $25,000 offer for over three years, and even faced with a 50/50 win/loss option, chose not to raise the offer. This is all exacerbated by Attorney Spisak's opinion that the $25,000 offer was not reasonable. The sole assignment of error is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By FARMER, J., GWIN, P.J. and HOFFMAN, J. concur.